Good morning, your honors. May it please the court, my name is Mark Wagner and I represent the appellant, and I'd like to reserve three minutes for rebuttal. In this case, the district court ruled that the appellant was required to produce, with its initial disclosure statement, the documents regarding the damages. The court ruled because they were not disclosed with the initial disclosure, it was a discovery violation. The district court then ruled because a new briefing schedule and reopening of discovery would have to occur, it was not harmless. The district court then issued a rule 37 sanction and found under Hoffman, the claims could be, the damages could be excluded and the case could be dismissed. The problem, however, is that under the Ninth Circuit rule, when a claim will be dismissed, Hoffman was no longer good law. In R&R Sales, in an almost identical case, this court found that even if there's a discovery violation, if it excludes damages and will result in a dismissal of a claim, there is a further test. That the district court was required to consider whether the non-compliance involved willfulness, fault, or bad faith, and separately consider the availability of lesser sanctions. And to do an analysis, and in R&R Sales, this court found because the district court did not do that analysis and there were no required findings in the ruling, it was reversed and remanded. Why didn't you raise R&R Sales in the district court? Um, I wasn't the attorney of record and unfortunately it just got slipped and nobody... But you acknowledge and concede that it was not raised in the district court? I acknowledge that both sides and the court, nobody for some reason recognized that Hoffman was no longer good law. Well, actually... In that situation. Well, actually, um, I think, I think that obviously a three-judge panel of our court can't overrule another three-judge panel, so there's a question of which law is the correct law and which law should be applied here and whether those two cases are irreconcilable. Well, I think the facts are identical and I think R&R Sales adopts what it says is all the other circuits' decisions. It refers to the other circuit courses that all apply this law and it even talked about previous cases of the distinguishing cases that didn't end up in dismissal of a cause of action. And I think in the R&R Sales case, it makes clear that even in Yeti by Mollie, in these situations where it will end up in dismissal of a case, in a claim or a case, further analysis is required. And I don't, this court, I don't think there's a dispute. The district court did not do that analysis and therefore I think R&R Sales would control. It applies all the other circuits and even previous Ninth Circuit decisions saying it would be applicable in a situation where it dismissed a claim. Counsel, you acknowledge that R&R Sales was, it wasn't you, but it wasn't argued below. What permits you to now argue it here for the first time? In R&R Sales and Goodman and these other cases, they all allow appeals of discovery rulings resulting in a dismissal. I don't think there's a waiver by not, by not citing it. I think the court applied the wrong law and if the court applied the wrong law, I think the standard is this court looks at it and see if the law was appropriately applied. I think there's an exception, there's something like four exceptions to waiver and you're arguing for one when it's a rule of law and there's no prejudice to the other party, right? I mean, there are exceptions to waiver. You have to argue that you fit into one of the exceptions for waiver. Well, I mean, the other side didn't waive waiver, but I don't think it is waived. You didn't, no, they didn't. They addressed it, so that's why you would be arguing no prejudice, plus it's a matter of law. Well, I guess my position is the district court chose what to apply and there was no oral argument and the court made the ruling under Hoffman and the only remedy to that is to... You didn't have a chance to oppose the imposition of this? No, the underlying counsel did oppose the summary judgment and argued various things and then... Well, and let's talk about, I mean, first, let's just, if we can break this down a little bit, why didn't you make the evidence, damaged evidence available during discovery? I think, again, I wasn't the counsel of record at that point. I think there were discovery requests made and in the record it doesn't say what were those discovery requests. They weren't submitted before the court. This is the initial disclosure where you don't need a request. Well, again, in R&R sales, it also made clear that you are not required to produce damages documents with your initial disclosure. The R&R sales, again, address, and that's the second point of this, there is no discovery violation. You have to make available and that's what R&R sales says and that's what the code says and there's nothing in the record that says it wasn't made available. Now, when you look at the record, it's really quite remarkable. It didn't turn over any discovery until three weeks, not after 14 days after the Rule 16 scheduling conference, which you're required to, not throughout any period of the discovery. Discovery closes. Three weeks later, you submit a supplemental sort of document. Why do courts have Rule 16 scheduling conferences and why are there rules if we're going to just do everything on how the plaintiffs want to disclose their evidence? And I understand that and so even if this court found that there was a discovery violation... But even to this day, the only explanation in the record is they didn't ask for anything in particular. That's all we have. I mean, so that's it on this record. That's all we have. We have no other reason, not like there was something catastrophic that happened, not that there was a death, not that there was something that happened in the case, nothing. So from what I review of this, it's like everybody was just wasting their time having a Rule 16 scheduling conference because everybody was just going to go by your schedule because the rules, well, so what? And that's... So there's something fundamentally wrong here and I'm not sure on this record we would want to consider, especially to this day, there not being any explanation for what we would have any compelling reason to send this back to do something different or the district court to do anything different. Well, again, the R&R cell says it's not required to disclose it. The discovery requests... I understand the discovery requests are not in the record. It doesn't say what was asked for, whether damages were asked for, what was. I'm not going to stand here and tell you it was handled properly. It wasn't a great understanding. I don't understand why this question... I was wondering about what... So really, when we're talking about initial disclosures, that would have been the first counsel, but you're not blaming... Terrific doesn't blame their first counsel for failing to do anything and putting them in this position. I'm not saying whether they blame them or not. There was two counsels. I wasn't either one of them and there was two different law firms initially, but I guess our point is even if there was a discovery violation and it wasn't proper and it wasn't handled correctly, the district court was required to consider other factors under R&R sales and other circuit laws. Why? Did you ever ask them to? No, it was not asked. But again, until the ruling, there was no way for them to know that that's what the district court was going to apply. There was no oral argument. The district court didn't then say, I'm going to dismiss under Hoffman. Do you want to consider other cases? Can you suggest a way to reconcile those two cases? I mean, there is perhaps a bit of reconcile. We may be confronted with the task of trying to do that. Can you suggest a way to reconcile them? Yes, I think R&R sales talks about it and it talks about how we're now in accord with all the other circuits that have answered that question. And it also talks about how the Ninth Circuit had previously, in Yeti by Molly, talked about whether that was required and they didn't rule that at that point because it wasn't a case dealing with dismissal. So they sort of then did an analysis of the other district courts and its previous rulings and found this was the appropriate way and was saying, Hoffman didn't deal with a dismissal so we need to make clear when it does deal with a dismissal, this is what the standard is. So I think the Ninth Circuit had thought about it previously in dicta and talked about it and then it really came before them and said, we've looked at all the other circuits. It was clearly understood in Hoffman that the consequence of the exclusion of the evidence was the inevitable dismissal of the case. So isn't that a difficult distinction to justify? Right, and I think in Yeti by Molly before that they had said, okay, I think they thought that was going to be the rule but because it didn't result in dismissal they didn't make that final determination in the Ninth Circuit. After Hoffman they went back and looked at it and said, okay, our initial thoughts in Yeti by Molly were accurate and now we've looked at all the other circuits and we think this is appropriate. So while it might be an awkward situation between two Ninth Circuit courts, I think the Yeti by Molly case, the R&R sales, and looking at other district court or other circuit courts have defined it, I believe that should be the rule. And as bad as the discarded violation might have been and it wasn't proper to do it, the test still has to be applied and I think the test definitely was not applied. And the test is whether there was any bad faith. The three-factor test and the lesser sanctions. What would have been an alternative sanction here? Sanctioning the attorneys, sanctioning the parties, asking for continuance. In one of the cases went and the other case they talk about five factors and they say you could let the jury know about it. There's different things to do rather than just... But how is that, how would a lesser sanction comport with the rule which says exclusion of the evidence is to be the sanction? There's no reference there to lesser sanctions, is there? Well I'm not in the statute but I think this court has made clear that there are lesser sanctions and in R&R sales they talk about it. The Wendt case and I believe there's another W case that they talk about. There are other factors to consider for lesser sanctions and they should consider bad faith and willfulness. And unfortunately on the record there is no indication of what the bad faith was, what the willfulness was. And I understand how this court can say well something had to go on and it's not explained but that's what the district court is there to do, to make those findings and make the records of findings and the district court just didn't. And for what reason, you know, nobody picked up on the fact that Hoffman would not apply in that situation and therefore the resort is to come to this court. So to be clear the motions were submitted, you submitted your supplemental documentation regarding damages and the court didn't have any further hearing? There was a motion, an opposition, a reply, and the court ruled without a hearing, without oral argument, which is why there's no oral argument in our record here. And thus nobody knew, I mean the court could have dismissed the summary judgment or granted on 12 other facts, I mean the parties argued a million other things, the court picked up on one thing. But he picked up on one thing, but the records do reflect your concession that you gave zero documents. I mean it was in the records that he saw that. Well it's not in the record that he saw that, it's in the record that they said discovery request. It doesn't say what discovery requests are or damages. But it's in the record that your client produced zero documents. And then in the response to why it's in the record that, or what you filed, said, well they didn't ask for anything. Which is, the rule doesn't require that they ask for it. Well, respectfully, our sale says you're not required to produce documents without being asked. Under the rule. Yeah, under the actual statute, I'm just applying what this attorney said. Good morning, your honor. May it please the court. I'm Daniel Kottman, appearing on behalf of the appellees. Our position here is that under any standard for rule 37c1, the is still good law. It hasn't been overturned by the Supreme Court, it hasn't been overturned by this court. And so Judge Wright was proper in his ruling based on Hoffman that he could exclude the evidence as a sanction for the conduct. Well both R&R sales and Hoffman are in compliance with the statute. And I'm just wondering if you could talk a little bit about the disclosures and lack of disclosures. Here, the first time it was brought to the court's attention that the defendants had not provided documents to you was in your motion for summary moved for an order compelling disclosure. So I find it rather odd that Judge Wright says in his order that it was terrific sandbagging your client. In a way, it's you sandbagged them by not telling them that you wanted those documents or you wanted the disclosure that they had failed to make. Well, a couple of comments. Under Rule 26a, it says or make them available. Correct. Neither of which were done. How do we know that? That they were not made available? They weren't made available. They were in the record, but does it show that they were not made available? That they weren't sitting somewhere ready for you to look at them and copy them? Where it shows is in that the first time they were provided is in opposition to the summary judgment. That's when the documents were given to you, but what in the record shows they were not made available? There was never a letter or anything offering to provide damages documents. Did you ever ask for them? We asked on multiple occasions. We asked in two different discovery requests and in the meet and confer process preceding the motion for summary judgment, which would have them providing such documents. You asked in the meet and confer process before summary judgment? Correct. Is that in the record? The memorialization of it wouldn't be. Would not be? No, it would not. The fact that we made two independent discovery requests and the letter or something asking for this computation, and it would be in the record, even if it just went to the magistrate judge. Yeah, I understand that. I mean, to just wait and then move for summary judgment, it's sort of compressing everything into one dispositive proceeding that courts don't typically like. I mean, I think that's why R&R sales resurrected the bad faith component of the test for exclusion of evidence when it's dispositive. Well, right. And my thoughts with R&R sales is that even if the court were required to consider it, the fact that Judge Wright pointed out the disobedient conduct on behalf of the appellant that was not outside of their control is evidence of the willfulness, bad faith, or fault. So the Henry v. Gill opinion states that disobedient conduct that's not outside the litigants' control is sufficiently to establish willfulness, bad faith, and fault. And I think that Judge Wright's order lays out a number of different things that were willful in bad faith and fault. Let me ask you, why didn't you do a motion to compel? Well, there's a long history between the parties here of litigation. This is one of numerous cases and, you know, we have knowledge of the way this particular party responds to those sorts of things. And we have had a very difficult time getting any documents out of them ever. And so the decision was made that it would be not an efficient use of the client's money. And the burden, since the burden was on them to provide it, we figured they should comply with the rule. And how exactly were you harmed by the delayed production of the damages evidence? There was still plenty of time from what I could see to before the trial. It wasn't like the trial was the next week. How exactly were you harmed? Well, we were harmed in the sense that we, one, we had to go up on the motion for summary judgment. We wouldn't have had to do that if the damages evidence would have been provided. Because the basis of the motion was a lack of evidence. You wouldn't have to do a motion for summary judgment. You'd just do a motion to compel. That costs a lot less money. It's a lot simpler. Well, we were past the discovery, the fact discovery cutoff. So we didn't have the ability to do that. Well, but when's the first you discovered that they didn't, I mean, I imagine you discovered that before the discovery closed. We were of the view that no damages evidence existed. The first time we saw it was in their opposition to the motion for summary judgment. Well, wasn't that, I thought the judge took the view that that's the way in which you were harmed. You proceeded with your motion for summary judgment on one premise, namely that none of the required damages information has been provided. And then it's only in response to the motion for summary judgment on that premise that the so the premise of your motion for summary judgment was completely, would have to change, would it not under those circumstances? Absolutely. Yeah. And that's a lot more work for you. I suppose that's the nature. The whole nature of this case is a lot more work for us. I mean, they didn't comply with the scheduling order. They didn't provide us a documents or damages calculations. They didn't answer our discovery requests. They didn't do anything in the litigation that was appropriate conduct. So from my perspective, regardless of which standard you apply, whether it's Hoffman or are in our sales, the disobedient conduct alone in the record is sufficient for rights order to stand. The disobedient conduct you're saying rises to level of bad faith or welfare. Correct. Yeah. Was there any possible alternative sanction? Given the history between the parties, I don't think so. I don't see one. No fine? I mean, he could have issued a fine, things like that, but I don't think it would have had any requisite impact. When you say given the history of the parties, what are you talking about? That there have been multiple lawsuits involving these parties over about a five-year period. So there are, between the parties, probably four to five different lawsuits, all initiated by the same plaintiff against this set of defendants. All involving alleged, was it trademark infringement? The causes of action are different in each case, but it's definitely a grudge match, Your Honor. Okay. Do we have any other questions? All right. Thank you. Thank you. You were over your time, but I'm going to give you a minute just to respond to this new grudge match argument. Can I address one other thing very quickly? Sure. To answer your question about the other circuits, in R&R Sales it references Wendt and Weil, which is the other case, which are both Ninth Circuit cases. It references Wanderer, the Second Circuit, the Fourth Circuit, the Fifth Circuit, and all these other circuits. So I think if it comes down to we have to consider which circuits are applying this law, I think R&R Sales does that analysis. Back to the question about, yes, there have been some... Okay. So you're the plaintiff, right? So presumably you've been damaged by some alleged action in your competition with this other company making toys? Is that what it... I don't know what you do. Okay. And why wouldn't you be pursuing... If you're the plaintiff, why wouldn't you be pursuing this more vigorously? The initial disclosure did state an amount of damages. So I don't want it to be misled that there was no damages stated. The issue is where documents produced. And in the record, there is no meet-and-defer letter. The discovery requests are not on the record. Having discovery requests... Maybe the discovery request hypothetically says, tell me what your facts are related to X. It has not... Without that being in the record, I think it's improper for this court to assume, oh, there's probably damages documents in it. And, oh, assume it's in here. And assume this happened. It's not in the record. And with respect to the district court, he did not do an analysis of willfulness, bad faith. He found that it was a violation of the rule, and the rule is what the rule is, and therefore I found it. He didn't say, oh, you acted in bad faith, or, oh, there's no good reason for it. There was no analysis of it. The court just said, if I have to reopen discovery and issue new scheduling, that is harmless. That's not harmless. And that, as a matter of rule, requires exclusion. There was no consideration of other factors. There was no analysis by either party or the court to consider, was this bad faith? What was the reason? Let's have you... Can't we, we can affirm on any basis that's available in the record. I think what your opponent is arguing is that to the extent that the requirements of willfulness and bad faith are appropriate, the record abundantly demonstrates that there was the requisite willfulness and bad faith. Why can't we, why can't we do that? Well, one, I don't think it's in the record. The fact that they didn't do it, you can't... Basically, that would be saying, well, if you don't do discovery and we don't know why, it's automatically bad faith, or it's automatically willfulness, and that's... But we do know why. Well, you're asking why, we don't know why. Well, but what's in the record is you didn't, your response to them that you didn't ask for it. Right, but that doesn't, so therefore that's willful. I don't think you can then imply that's willfulness or bad faith, especially when one court says you're not required to unless they ask, right? Whether that was a poor judgment or a mistake or not, the smartest move doesn't make it willfulness and bad faith. And taking that, R&R still says there's another factor, consider lesser sanctions. So even if for a second, which I don't think there is bad faith in the record, but okay, we're going to go down that. There's clearly no consideration. The judge said, I'm not going to open rediscovery, I'm not going to change the schedule. He clearly did not consider lesser sanctions, and that's also a required factor. So while I don't think that we have sufficient on the first factor, the second factor, he specifically said, I'm not going to do that. He didn't mention sanctions of the attorneys, sanctions of the party, you know, in inference to the jury, to the state of the jury, which was not a week away, but they discovered, they, whatever, the court could have considered that and analyzed it. He didn't consider continuance. In all these cases that R&R sells, we know this approach. In second circuit, requiring the district court consider the possibility of a continuance. The fourth circuit, considering the surprise, the prejudice, considering continuances. None of this was considered, and in R&R sales, the court said, when these things aren't done, it has to go back for the district court to reconsider them. And I think the record is vague here on so many things, and I think it's proper for the district court to do and not this court to just assume, well, maybe it was a little woeful, and maybe if we did this, and also the one case said, at this point, there's no prejudice because if it is remanded back, they've had these documents for a year, and the ninth circuit has a case that talks about that. Even if there was a little prejudice at that point, there's no, the prejudice is no longer. So if we remanded, there's no prejudice, and the trial should be heard on the merits. All right. Thank you, counsel. Thank you, counsel. Terrific versus Carapiccian will be submitted.
judges: Lipez, Wardlaw, Murguia